UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HELEN ROYAL | * | CIVIL ACTION NO. 22-cv-00568 |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | JUDGE: |
| REGENT INSURANCE COMPANY | * | |
| and RC LAKE CHARLES GROUP, LLC | * | |
| d/b/a BUFFALO WILD WINGS | * | |
| Defendants. | * | MAGISTRATE: |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, Regent Insurance Company, ("Regent") pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446, files this Notice of Removal of the above-captioned case from the 14th Judicial District Court for the Parish of Calcasieu, where it is now pending, to the United States District Court for the Western District of Louisiana. This removal is predicated upon this Honorable Court's jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## PROCEDURAL HISTORY

I.

Plaintiff, Helen Royal, is a citizen of the State of Louisiana. Plaintiff filed a lawsuit on December 10, 2021, in the matter styled *Helen Royal v. Regent Insurance Company, et. al..* in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, No. 2021-5174, in which the Plaintiff asserts causes of action against RC stemming from a slip and fall accident on December 24, 2020 at a restaurant owned and operated by RC.

II.

Attached to this Notice of Removal as Exhibit "A" is a copy of the Plaintiff's Petition for Damages. This constitutes the entirety of the pleadings filed in the state court suit.

III.

The state court action was commenced on December 10, 2021.

IV.

Regent was served with the Petition for Damages through its registered agent, the Louisiana Secretary of State, on January 28, 2022, which constituted first notice to Regent of this lawsuit. *See* Service Return attached as Exhibit "B." RC has yet to be served. Therefore, pursuant

to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within 30 days of receiving notice of the initial pleading and within one (1) year of the commencement of the suit in state court. RC's consent to the removal is not required as it has not been properly joined and served.

### DIVERSITY JURISDICTION—CITIZENSHIP OF THE PARTIES

V.

This suit is removable to this Court under and by virtue of 28 U.S.C. § 1332, which provides federal district courts with original jurisdiction in cases where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

VI.

For purposes of diversity jurisdiction, the parties are citizens of the following states:

a. Plaintiff, Helen Royal, is a citizen of the State of Louisiana.

b. Defendant, RC Lake Charles Group, LLC is a Louisiana limited liability company. Its members are Hani Ataya, a citizen of the State of Texas, and Erwin Olexa, a citizen of the State of Texas.

c. Defendant, Regent Insurance Company, is incorporated under the laws of the State of Wisconsin with its principal place of business in Wisconsin.

VII.

The citizenship of a LLC is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008). Therefore, because the Plaintiff is a citizen of the State of Louisiana and the Defendants are citizens of the State of Texas and the State of Wisconsin, complete diversity exists under 28 U.S.C. § 1332.

VIII.

Venue for removal is appropriate within the Western District of Louisiana because the matter is being removed from the 14th Judicial District Court for the Parish of Calcasieu, a court which the Western District of Louisiana embraces.

### DIVERSITY JURISDICTION—AMOUNT IN CONTROVERSY

IX.

Under United States Fifth Circuit Court of Appeals precedent, a defendant may establish that the amount in controversy exceeds $75,000 by either demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000, or by setting forth the facts in controversy

that support a finding of the requisite amount. *Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864, 868 (5th Cir. 2002).

X.

If a defendant can show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the "plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000." *Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864, 869 (5th Cir. 2002) (quoting *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir. 1995)).

XI.

Because Article 893 of the Louisiana Code of Civil Procedure prohibits a plaintiff from pleading a specific dollar amount of damages, no specific dollar amount is provided in the Plaintiff's Petition. For purposes of removal, however, it is facially apparent from the Petition for Damages that the amount in controversy exceeds $75,000, exclusive of interest and costs.

XII.

In her Petition, for example, Plaintiff claims that has suffered "various injuries" and seeks the following damages:

1. Physical pain and suffering – past, present, and future
2. Mental anguish and/or emotional distress – past, present, and future
3. Disability and/or impairment – past, present, and future
4. Loss of enjoyment of life – past, present, and future
5. Medical expenses – past, present, and future
6. Any and all other damages which will be established at the time of trial

*Exhibit A.* at ¶¶ 10.

XIII.

Based on the allegations of the Plaintiff's Petition, specifically the allegation that plaintiff has suffered a "disability," it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs, for this Court to assume jurisdiction over this matter under 28 U.S.C. § 1332.

XIV.

Additionally, upon information and belief, Plaintiff suffered injuries to her left shoulder, left hip, and left knee as a result of this accident. Upon information and belief, several days after the accident, Plaintiff reported to a representative of Regent that the entire left side of her body was in pain, that she was prescribed muscle relaxers and pain pills, and that she could not raise her left arm at all.

XV.

Further, Regent has asked Plaintiff to forward medical records in their possession and to stipulate that she seeks damages of less than $75,000 exclusive of interest and costs. Plaintiff has yet to provide any medical records, and Plaintiff will not agree to stipulate she seeks damages of less than $75,000 exclusive of interest and costs.

XVI.

While the removing Defendant does not admit the underlying facts alleged by the Plaintiff and denies liability to the Plaintiff, the Plaintiff's allegations, and Plaintiff's refusal to stipulate that her damages do not exceed $75,000 exclusive of interest and costs, establish that the amount in controversy exceeds $75,000.

**WHEREFORE**, Defendant, Regent Insurance Company, ("Regent") prays that this Notice of Removal be filed in accordance with applicable law, that it be deemed good and sufficient, and that the above-captioned matter filed in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, be removed to this Honorable Court for determination as provided by law, and that this Court enter such orders and issue process as may be proper to bring before it copies of all records and proceedings from the 14th Judicial District Court for the Parish of Calcasieu and thereupon proceed with this civil action as if it had originally commenced in this Honorable Court.

Respectfully submitted,

 /s/ Jeffrey J. Siemann
Lambert J. Hassinger, Jr. (#21683)
Email: JHassinger@gallowaylawfirm.com
Jeffrey J. Siemann (#34765)
Email: JSiemann@gallowaylawfirm.com
Galloway, Johnson, Tompkins, Burr & Smith
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
Facsimile:  (504) 525-2456

**CERTIFICATE OF SERVICE**

I certify that on February 25, 2022, this document was filed electronically with the Clerk of Court using the CM/ECEF system.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

 /s/ Jeffrey J. Siemann
Jeffrey J. Siemann